IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS CORDERO, | : | 4:CV-08-0390 |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Mannion) |
| JERRY MARTINEZ, ET AL., | : | |
| Respondents | : | |

**M E M O R A N D U M**

July 23, 2009

**BACKGROUND:**

On March 3, 2008, the petitioner, Luis Cordero, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time petitioner filed his petition he was confined at the Low Security Correctional Institution in White Deer, Pennsylvania. Currently petitioner is no longer incarcerated, but is serving a term of special parole.

The matter was initially referred to United States Magistrate Judge Malachy E. Mannion.

Cordero challenges the United States Parole Commission's decision to reparole him to repeated terms of special parole and alleges that he is therefore

serving an unlawful term of special parole.  The petitioner asserts that *Fowler v. U. S. Parole Commission*, 94 F.3d 835 (3d Cir. 1996) is controlling law in the Third Circuit and that it prohibits a person from being reparoled to another term of special parole after such a term was previously revoked.  He requests credit for street time that was forfeited as a result of the revocations of unlawful terms of special parole.

The magistrate judge agreed that *Fowler* is controlling and that it indeed prohibits the reimposition of a term of special parole after the first term of special parole has been revoked.  Accordingly, on May 29, 2009, the magistrate judge recommended that petitioner's habeas petition be granted and that the case be remanded to the Commission for recalculation of the petitioner's release date.

On June 24, 2009, the respondents filed a Notice of Mootness giving notice to the court that on June 10, 2009 the Commission restored Cordero's previously forfeited street time for the following periods:  October 5, 2001 to June 4, 2002; February 4, 2003 to October 14, 2004; and June 13, 2005 to August 31, 2007.

As a result of the Commission's restoring Cordero's previously forfeited street time, respondents assert that Cordero's petition has been rendered moot, citing *Blanciak v Allegheny Ludlum Corp*., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's

personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")

Petitioner then, on July 8, 2009, filed a response to the government's Notice of Mootness asserting that the matter is not moot, as it is conceivable that the Commission could, upon Cordero's next revocation, decide to re-forfeit the same period of street time. Cordero further asserts that without a final order from the district court, there is no compulsion to require the Commission to honor this particular decision.

However, in reviewing the Notice of Action attached to the government's Notice of Mootness, the court notes after the restoration of the previously forfeited street time, the following language: "You will remain on 'regular ' parole until July 9, 2013 (the full term date computed following the first revocation of your special parole term and forfeiture of street time)."

It appears, therefore, that petitioner has not only obtained restoration of his previously forfeited street time, but has obtained the other relief requested in this petition, namely that his special parole be converted to regular parole.

As petitioner's special parole has been converted to regular parole, there is no likelihood that revocation of his regular parole will result in a forfeiture of street time and, therefore, it is quite clear that Cordero no longer has a personal stake in

the outcome of the case and he no longer has the standing necessary for jurisdiction before this Article III court.

The petition will be dismissed as moot.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUIS CORDERO,                          :        4:CV-08-0390

                    Petitioner         :        (Judge McClure)

          v.                           :        (Magistrate Judge Mannion)

JERRY MARTINEZ, ET AL.,                :

                    Respondents        :

**O R D E R**

July 23, 2009

For the reasons set forth in the foregoing Memorandum,

**IT IS ORDERED THAT:**

1.      The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241  is

dismissed as moot.

2.      The clerk is directed to close the case file.

          s/ James F. McClure, Jr.
          James F. McClure, Jr.
          United States District Judge